JS-6

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **SEIKO EPSON CORPORATION,** a Japan corporation; **EPSON AMERICA, INC.,** a California corporation; and **EPSON PORTLAND INC.,** an Oregon corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**BURKWITZ SOLUTIONS, INC.,** a California corporation; **ARMEN SARGSYAN,** an individual; and **SIMON MIKAIL,** an individual,<br><br>Defendants. | Civil No. 2:24-cv-10133-SVW-AS<br><br>**FINAL CONSENT JUDGMENT AS TO BURKWITZ SOLUTIONS, INC.** |

## CONSENT JUDGMENT

The parties having considered the facts and applicable law and having agreed to the entry of this Stipulated Final Consent Judgment and Permanent Injunction ("Consent Judgment"), and the parties having stipulated that there is no just reason for delaying entry of final judgment in this action as to Burkwitz Solutions, Inc., (referred to herein as "Defendant"), it is hereby ordered, adjudged, and decreed as follows:

## FINDINGS OF FACT

1.	Plaintiff Seiko Epson Corporation ("Seiko Epson") is a corporation organized and existing under the laws of Japan. Its principal place of business is located at 3-3-5 Owa Suwashi Nagano-Ken, 392-8502, Japan. Seiko Epson is in the business of manufacturing and selling a wide variety of consumer, commercial and industrial products, including ink cartridges for use with Epson printers.  Subject to the exclusive licenses described below, it owns all right, title, and interest in, including the right to sue thereon and the right to recover for infringement thereof, the Epson Patents defined below.

2.	Plaintiff Epson America, Inc. ("Epson America") is a corporation organized and existing under the laws of the State of California. Its principal place of business is located at 3131 Katella Avenue, Los Alamitos, California 90720.  As the North American sales, marketing, and customer service affiliate of Seiko Epson, Epson America is the exclusive licensee of the Epson Patents for distributing in the United States products that are covered by the Epson Patents.

3.	Plaintiff Epson Portland Inc. ("Epson Portland") is a corporation organized and existing under the laws of the State of Oregon. Its principal place of business is located at 3950 NE Aloclek Drive, Hillsboro, Oregon 97124.  Epson Portland maintains an exclusive license to manufacture products in the United States under the Epson Patents.  Collectively, plaintiffs Seiko

Epson, Epson America, and Epson Portland are sometimes hereinafter referred to as "Epson" or "Plaintiffs."

4. Defendant Bukwitz Solutions, Inc. is a corporation organized and existing under the laws of the State of California. It heretofore has been in the business, among others, of selling ink cartridges and inks in the United States, including in the Central District of California.

5. Epson owns all right, title, and interest in, including the right to sue thereon and the right to recover for infringement thereof, United States Patent No. 8,794,749 ("the '749 patent"), which was duly and legally issued to Seiko Epson by the United States Patent and Trademark Office on August 5, 2014, and United States Patent No. 8,454,116 ("the '116 Patent"), which was duly and legally issued to Seiko Epson by the United States Patent and Trademark Office on June 4, 2013. The '749 and '116 patents (collectively, the "Epson Patents") relate generally to ink cartridges for printers, circuit boards for use with ink cartridges and printing material containers for printers, ink-supply systems for printers, and components thereof.

6. Epson owns all right, title, and interest in United States Trademark Reg. No. 5,402,648 (the "Wave Mark") for printer's ink, filled ink bottles and filled ink cartridges, and ink bottles, Reg. No. 7,055,411 (the "252 Mark") and Reg. No. 7,048,971 (the "502 Mark") for filled ink bottles for printers and photocopiers. The Wave Mark, the 252 Mark, and the 502 Mark are collectively referred to herein as the "Epson Marks."

7. Epson brought this action against Defendant for infringement of the Epson Patents and of the Epson Marks.

8. Defendant has offered for sale and sold within the United States, including the State of California, certain ink cartridges for use with Epson printers and components thereof that Epson has alleged infringe at least claim 1 of the '749 Patent and claims 9 and 18-24 of the '116 Patent

(hereinafter, the "Accused Products"). The Accused Products include without limitation infringing ink cartridges having the 252 Mark for use with Epson printers, and specifically, without limitation, the T252120, T252120XL, T252220, T252320, and T252420 ink cartridges.

9. Defendant has also offered for sale and/or sold in the United States certain products, including ink cartridges and ink bottles in packaging that Epson asserts infringes the Epson Marks, including infringing use of 252 Mark in connection with ink cartridges (without limitation, the T252120, T252120XL, T252220, T252320, and T252420 ink cartridges) and infringing use of the 502 Mark and Wave Mark in connection with ink bottles (without limitation, the T502120, T502220, T502320, and T502420 ink bottles). Epson also asserts that Defendant has made infringing uses of the Epson Marks on their website at *inkjetsclub.com* and online storefronts on Amazon, eBay, and Walmart in connection with advertising, providing sales information, offering for sale, and selling ink cartridges and ink bottles.

10. Any finding of fact which is deemed to be a Conclusion of Law is hereby adopted as such. Any Conclusion of Law which is deemed to be a finding of fact is hereby adopted as such.

11. The parties seek to terminate this litigation through this Consent Judgment.

## CONCLUSIONS OF LAW

12. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271, and for trademark infringement arising under the Lanham Act, 15 U.S.C. § 1051 et seq. This Court has subject matter jurisdiction over the claims for patent infringement and trademark infringement pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a).

13. The parties agree that this Court has personal jurisdiction over the parties, and that venue may be had in this district.

14. For purposes of enforcement of this Consent Judgment, Defendant will not challenge the validity and enforceability of the claims of the Epson Patents and/or the Epson Marks.

15. The 252 Mark, the 502 Mark, and the Wave Mark are each registered with the United States Patent and Trademark Office. As a result, each of these marks is a valid and enforceable trademark. *See* 15 U.S.C. § 1057(b); *United States Patent & Trademark Office v. Booking.com B. V.*, 140 S. Ct. 2298, 2302 (2020) ("The owner of a mark on the principal register enjoys valuable benefits, including a presumption that the mark is valid.").

16. The parties intend and this Court explicitly orders that this Consent Judgment bars Defendant from contending in this action or any other proceeding that the Accused Products and other products that are not colorably different therefrom do not infringe the Epson Patents.

17. The parties also intend and this Court explicitly orders that this Consent Judgment bars Defendant from contending in this action or any other proceeding that Defendant's uses of the Epson Marks on its website at *inkjetsclub.com* and online storefronts on Amazon, eBay, and Walmart in connection with advertising, providing sales information, offering for sale, and selling ink cartridges and ink bottles was or is non-infringing.

18. This Consent Judgment shall finally conclude and dispose of this litigation as to the parties to this Consent Judgment, and this Judgment shall be entitled to issue and claim preclusion effect.

**IT IS HEREBY FOUND, ORDERED, ADJUDGED, AND DECREED THAT:**

A. Defendant and its officers and directors, agents, servants, employees, attorneys, and distributors, who are in active concert or participation with, through, or under it and who receive actual notice of this Consent Judgment by personal service or otherwise, shall not make,

use, sell, offer to sell, or import into the United States the Accused Products or any products no more than colorably different therefrom.

   B. Defendant and its officers and directors, agents, servants, employees, attorneys, and distributors, who are in active concert or participation with, through, or under it and who receive actual notice of this Consent Judgment by personal service or otherwise, shall not make any use of the Epson Marks or any mark, name, design, logo, slogan, domain name, or other identifier that is confusingly similar to the Epson Marks.  Defendants shall remove any materials bearing the Epson Marks or any confusingly similar mark from all physical and digital platforms, including but not limited to websites, social media accounts, marketing materials, and product packaging, within seven (7) days of the date of this Consent Judgment.

   C. This Consent Judgment shall not apply with respect to any claim of an intellectual property right that has expired or been found or adjudicated invalid or unenforceable by a court of competent jurisdiction, provided that such finding or judgment has become final and non-reviewable.

   D. Nothing in this Consent Judgment shall be construed as an admission of liability by the Defendant, and Defendant does not concede liability.

   E. This Court retains exclusive jurisdiction of this action, and the parties consent to venue in this Court, for the purpose of insuring compliance with this Consent Judgment and enforcement of the Confidential Settlement Agreement.

   F.  No appeal shall be taken by any party from this Consent Judgment, the right to appeal from this Consent Judgment being expressly waived by the parties.

   G. This Consent Judgment shall finally conclude and dispose of all claims and counterclaims of Plaintiffs against Defendant and Defendant against Plaintiffs with prejudice.

H. Each party shall bear its own costs and attorneys' fees.

I. Final Judgment shall be entered hereto, forthwith, without further notice.

The Clerk is directed to enter this Final Consent Judgment forthwith.

**IT IS SO ORDERED.**

Dated: April 24, 2025

_____
The Honorable Stephen V. Wilson
United States District Judge